FILED
2017 Dec-06 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| KULJINDER SINGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 4:16-CV-01500-VEH-JEO |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ET AL., ) | |
| ) | |
| Respondents. ) | |

# MEMORANDUM OPINION

This matter is before the undersigned on the Report and Recommendation ("R&R") of Magistrate Judge John E. Ott. (Doc. 12). Kuljinder Singh ("Mr. Singh") has objected to the R&R. (Doc. 13). The Court has reviewed the entire file. For the reasons set out herein, the Court finds that Mr. Singh's objections are due to be **OVERRULED**, the R&R is due to be **ADOPTED**, and this case is due to be **DISMISSED WITHOUT PREJUDICE**.

### THE REPORT AND RECOMMENDATION PROCESS

The report and recommendation process is set forth statutorily in 28 U.S.C. § 636, which states in part that:

**(b)(1)** Notwithstanding any provision of law to the contrary–

> **(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> **(B)** a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> **(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. <u>A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made</u>. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b) (footnotes omitted) (emphasis by underlining added); *see also*

Fed. R. Civ. P. 72(b) (addressing procedures for handling dispositive motions and prisoner petitions when magistrate judges are involved).

## THE OBJECTIONS

Although, in this matter, Mr. Singh has filed objections, his objections are either contradicted by the record before this Court or improperly seek to bring new facts before the Court that were not presented to the magistrate judge. Accordingly, the objections will be overruled.

Specifically, Mr. Singh states that he was "astonished to receive your report and recommendation that was issued on October 5, 2017, because I did not file habeas corpus recently. The last time I filed habeas corpus ... was last year, and I received the decision in December, 2016." (Doc. 13 at 1). However, a review of the Court's docket sheet shows that the Petition was filed in September of 2016 and still remains for this Court's determination.

Mr. Singh then argues that "[t]here are many issues ... raised in the [R&R] that are not applicable to [this] case anymore." (*Id*., setting out seven paragraphs of affirmative statements regarding what Mr. Singh alleges are the current facts) (emphasis supplied).[1] Mr. Singh is not objecting to any facts found by the

---

[1] Mr. Singh also attached eight pages of copies of legal documents such as passports in what the Court assumes is an attempt to supplement the evidence before this Court.

Magistrate Judge. Indeed, he implicitly admits they <u>were</u> accurate, but argues that they are not accurate "<u>anymore</u>."

It is too late for Mr. Singh to present new facts or evidence. The Department of Homeland Security responded to the Magistrate Judge's show cause order on January 6, 2017. (Doc. 10). Mr. Singh was told by the Magistrate Judge, on January 9, 2017, that the judge considered the case ripe for summary disposition and that Mr. Singh had twenty-one days within which to supply any additional evidence or legal arguments that he wanted considered. (Order, doc. 11). He did not respond. H he has not even asserted that he could not have submitted these new "facts" and documents — which the Respondents have had no opportunity to respond to — in a timely manner to the magistrate judge.

Further. the Magistrate Judge has recommended, and this Court will order, a "without prejudice" dismissal. As a result, Mr. Singh can file a new habeas petition and present his new facts/evidence in that case.

### Conclusion

Having carefully reviewed and considered all the materials in the court file, the Court is of the opinion that Mr. Singh's objections are due to be and hereby are **OVERRULED**. Further, the Magistrate Judge's factual findings are due to be and hereby are **ADOPTED** and his recommendation is **ACCEPTED**. The Court will

enter a separate Order dismissing this action without prejudice.

**DONE** this the 6th day of December, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge